**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TRUE SPEC GOLF LLC, ) <br> CLUB-CONEX LLC, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CLUB CHAMPION LLC, ) <br> ) <br> Defendant. ) <br> ) | <br><br><br><br><br>C.A. No. _____<br><br><br><br>Jury Trial Demanded |

**COMPLAINT FOR PATENT INFRINGEMENT**

1. Plaintiffs True Spec Golf LLC ("True Spec") and Club-Conex LLC ("Club-Conex" and, collectively with True Spec, "Plaintiffs"), by and through their undersigned counsel, allege as follows:

**BACKGROUND**

2. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 100 et seq., including, but not limited to, 35 U.S.C. § 271.

3. The patented technology involves a method of using versatile golf club connection adaptors to quickly and easily, but reversibly, assemble a golf club shaft with a golf club head in a secure fashion. The claimed method provides golf equipment resellers with an efficient and cost-effective way to fit customers for a customized set of golf clubs, by allowing customers to easily try various combinations of golf club shafts and golf club heads in order to find a golf club head and shaft combination that works best. Once a suitable golf club head and

shaft combination has been selected, a customized club set can be assembled and sold to the customer.

4. The technology at issue was invented by Mr. Eric Burch, who was also the founder of the predecessor to Club-Conex.

5. On information and belief, Defendant Club Champion began purchasing and using Club-Conex's "Faz-Fit" system of golf club connection adaptors to perform golf club fitting services at least as early as 2012.

6. By 2017 Club Champion was purchasing tens-of-thousands of units of Club-Conex's "Faz-Fit" golf club connection adaptors to perform golf club fitting services.

7. On information and belief, the packaging of the Faz-Fit products have been prominently marked with United States Patent No. 8,046,899 (the "'899 Patent") at least since 2012.

8. On information and belief, Club Champion recently began using unlicensed golf club connection adaptors in an infringing manner to perform golf club fitting services, the use of which constitutes infringement of one or more claims of True Spec's '899 Patent.

9. As a result of its infringing acts, on information and belief, Club Champion has derived and will derive substantial revenue from club fitting fees charged for the infringing club fitting process,[1] and from the sale of golf clubs based upon the infringing club fitting process.[2] Club Champion directly competes with True Spec's club fitting business and True Spec's

---

[1] *See, e.g.*, https://clubchampiongolf.com/pricing.

[2] *See, e.g.*, *id.* (Every fitting includes "[a] detailed price quote on each club in your fitting.").

business has been and will be irreparably harmed as a result of Club Champion's infringement of the '899 Patent.

## THE PARTIES

10. True Spec is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 7327 E. Tierra Buena Lane, Scottsdale, AZ 85260.

11. Club-Conex is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 7327 E. Tierra Buena Lane, Scottsdale, AZ 85260.

12. On information and belief, Defendant Club Champion LLC ("Defendant" or "Club Champion") is a limited liability company organized and existing under the laws of the State of Delaware, having a place of business at 825 75th Street, Willowbrook, IL 60527.

13. On information and belief, Defendant is registered as a Foreign Limited Liability Company in the State of New York, with a New York Department of State ID #4993281

14. On information and belief, Defendant's registered agent in the State of New York is Business Filings Incorporated, 187 Wolf Road, Suite 101, Albany, New York, 12205.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

16. This Court has personal jurisdiction over Club Champion. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and the New York Long-Arm Statute, due to its (i) substantial business in this forum, including at least a portion of the infringing acts alleged herein; (ii) registration in the

business has been and will be irreparably harmed as a result of Club Champion's infringement of the '899 Patent.

## THE PARTIES

10. True Spec is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 7327 E. Tierra Buena Lane, Scottsdale, AZ 85260.

11. Club-Conex is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 7327 E. Tierra Buena Lane, Scottsdale, AZ 85260.

12. On information and belief, Defendant Club Champion LLC ("Defendant" or "Club Champion") is a limited liability company organized and existing under the laws of the State of Delaware, having a place of business at 825 75th Street, Willowbrook, IL 60527.

13. On information and belief, Defendant is registered as a Foreign Limited Liability Company in the State of New York, with a New York Department of State ID #4993281

14. On information and belief, Defendant's registered agent in the State of New York is Business Filings Incorporated, 187 Wolf Road, Suite 101, Albany, New York, 12205.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

16. This Court has personal jurisdiction over Club Champion. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and the New York Long-Arm Statute, due to its (i) substantial business in this forum, including at least a portion of the infringing acts alleged herein; (ii) registration in the

forum as a Foreign Limited Liability Company; (iii) regularly doing or soliciting business, engaging in other persistent and systematic courses of conduct, and deriving substantial revenue from infringing goods and services provided to individuals in New York and in this District; and (iv) maintaining regular places of business in New York and in this District.

17. On information and belief, within this state, Club Champion has practiced and continues to practice methods embodying the patented inventions and has instructed and encouraged its customers to practice methods embodying the patented inventions, thereby committing, contributing to, and inducing, and continuing to commit, contribute to, and induce, acts of patent infringement alleged herein.  On information and belief, Club Champion maintains a regular and established places of business in this District, including through facilities at 22 Stone Street, New York, NY 10004; 138 5th Avenue, 4th Floor, New York, NY 10011; and 214 Main Street, White Plains, NY 10601.  On information and belief, Club Champion maintains an additional regular and established place of business in New York, including through a facility at 180 Michael Drive, 1st Floor, Syosset, NY 11791.  On information and belief, Club Champion has practiced the patented inventions in this District, at least at its facility at 22 Stone Street, New York, NY 10004.  Club Champion has committed such purposeful acts and/or transactions in New York and in this District such that it reasonably should know and expect that it could be haled into this Court as a consequence of such activity.

18. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c), and 1400(b) because, among other reasons, Defendant is registered as a Foreign Limited Liability Company in and resides in the State of New York and because Defendant regularly transacts or solicits business in this District and has committed at least a portion of the infringing acts at issue in this

4

case from and within this District.[3] On information and belief, Defendant has regular and established places of business in this District at 22 Stone Street, New York, NY 10004; 138 5th Avenue, 4th Floor, New York, NY 10011; and 214 Main Street, White Plains, NY 10601. In addition, on information and belief, Defendant employs a number of persons in this District and derives and has derived substantial revenue from goods and services provided to persons or entities in this District and from infringing acts occurring within this District.

19. Venue is additionally proper in this District because True Spec has regular and established places of business in this District at 7 E. 42nd Street, New York, NY 10017.

## THE PATENT-IN-SUIT

20. On November 1, 2011, the United States Patent and Trademark Office duly and legally issued United States Patent No. 8,046,899 (the "'899 Patent"), entitled "Universal Shaft and Head Connector," after full and fair examination. The application that led to the '899 Patent, U.S. Patent Application Ser. No. 12/971,192, was a division of U.S. Patent Application Ser. No. 12/353,304, filed on January 14, 2009, which was a continuation of U.S. Patent Provisional Application Ser. No. 61/020,793, filed on January 14, 2008. A true and correct copy of the '899 Patent is attached hereto as Exhibit A.

21. True Spec is the assignee of all right, title, and interest in and to the '899 Patent and possesses all rights of recovery under the '899 Patent, including the right to recover damages for past infringement.

22. The '899 Patent is valid, enforceable, and unexpired.

---

[3] Club Champion's use of an unlicensed and infringing universal golf club head and shaft connector was observed as recently as January 22, 2019 in Club Champion's place of business in this District at 22 Stone Street, New York, NY 10004.

## CLUB CHAMPION'S INFRINGEMENT

23. Plaintiffs repeat, re-allege, and incorporate by reference the preceding paragraphs as if fully set forth herein.

24. As described below, Club Champion infringes claims of the '899 Patent directly (alone or jointly), by practicing methods embodying the patented inventions in the United States, and indirectly by contributing to and inducing direct infringement by others, by encouraging and instructing others to practice methods embodying the patented inventions in the United States. More specifically, the infringing uses include, but are not limited to, Club Champion's use of a universal golf club head and shaft connector (the "Club Champion Adaptor") that practices the methods claimed by the '899 Patent. The use of the Club Champion Adaptor meets the limitations of at least one claim of the '899 Patent literally and/or under the doctrine of equivalents.

25. Club Champion uses, and instructs and encourages its customers to use, the Club Champion Adaptors in a manner that infringes at least one claim of the '899 Patent, including by using Club Champion Adaptors to assemble golf clubs in the course of golf club fitting sessions with its customers. Club Champion additionally instructs and encourages its customers and third parties to use Club Champion Adaptors in a manner that infringes at least one claim of the '899 Patent by instructing and encouraging its customers and third parties to use Club Champion Adaptors to assemble golf clubs.

## FIRST COUNT FOR RELIEF
## (DIRECT INFRINGEMENT OF THE '899 PATENT)

26. Plaintiffs repeat, re-allege, and incorporate by reference the preceding paragraphs as if fully set forth herein.

27. The '899 Patent is presumed valid.

28. Club Champion has had actual knowledge of the '899 Patent at least as early as the filing of this Complaint.

29. On information and belief, Club Champion has had actual knowledge of the '899 Patent at least as early as 2012.

30. Club Champion is not licensed under the '899 Patent and has no other right or permission to practice the invention embodied therein using Club Champion Adaptors.

31. On information and belief, Club Champion has infringed and continues to infringe, directly (alone or jointly), literally, and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271, one or more claims of the '899 Patent by performing, without authority, one or more of the following acts: practicing the claimed methods in the United States and using one or more unlicensed products or services, including but not limited to Club Champion Adaptors, to practice the invention claimed in the '899 Patent. Defendant has knowingly infringed, and continues to infringe, one or more claims of the '899 Patent by practicing the claimed method in the United States using Club Champion Adaptors, which Adaptors constitute a material part of the invention and are not a staple article or commodity of commerce suitable for substantial non-infringing use.

32. On information and belief, Club Champion has infringed and continues to infringe, directly (alone or jointly), literally, and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271, one or more claims of the '899 Patent by performing, without authority, one or more of the following acts: making, having made, importing, selling, and offering for sale in the United States one or more products or services, including but not limited to Club Champion Adaptors, which constitute a material part of the invention of the '899 Patent and are not staple

articles or commodities of commerce suitable for substantial non-infringing use.  Defendant has knowingly infringed, and continues to infringe, one or more claims of the '899 Patent by making, having made, importing, selling, and offering for sale in the United States Club Champion Adaptors, which constitute a material part of the invention and are not staple articles or commodities of commerce suitable for substantial non-infringing use.

33. For example, Club Champion infringes at least Claim 3 of the '899 Patent by using Club Champion Adaptors to practice the claimed method of assembling a golf club by:

> "[P]roviding a golf club head;
>
> providing a golf club shaft;
>
> arranging a compression nut generally in a region of interface between the golf club head and the golf club shaft, the compression nut having first threading and freely rotatable relative to the golf club head and the golf club shaft;
>
> arranging a second threading on at least one of the golf club shaft and the golf club head;
>
> freely rotating the compression nut relative to the golf club head and the golf club shaft; . . .
>
> drawing the golf club head and the golf club shaft together by said freely rotating[4]
>
> . . . securing a head adapter to the golf club head;
>
> securing a shaft adapter to the golf club shaft;
>
> facilitating linearly translation without rotation between the shaft and head adapters along an anti-rotation slide interface between the adapters during said drawing[5]

---

[4]    '899 Patent, Claim 1.

[5]    *Id.* at Claim 2.

. . . [and] axially spacing the shaft outside of a hosel of the golf club head in a fully assembled state."[6]

34. Defendant Club Champion uses Club Champion Adaptors to practice the method of assembling a golf club, providing customers with "35,000 custom club options," allowing "[g]olfers [to] mix and match shafts and club heads from all the top brands":

> 35,000 CUSTOM CLUB OPTIONS.
>
> Golfers can mix and match shafts and club heads from all the top brands.

[7]

35. The Club Champion Adaptors are used with a golf club head, allowing "[g]olfers [to] mix and match shafts and club heads from all the top brands."[8]

36. The Club Champion Adaptors are used with a golf club shaft, allowing "[g]olfers [to] mix and match shafts and club heads from all the top brands."[9]

37. The use of Club Champion Adaptors includes arranging a compression nut generally in a region of interface between the golf club head and the golf club shaft, the compression nut having first threading and freely rotatable relative to the golf club head and the golf club shaft. For example, the Club Champion Adaptors include a threaded compression nut

---

[6] *Id.* at Claim 3.

[7] *See* https://clubchampiongolf.com/.

[8] *See id.*

[9] *See id.*

arranged in a region of interface between the golf club head and the golf club shaft and that is freely rotatable relative to golf club shaft and a golf club head as shown in the following photograph:



10

38. The use of Club Champion Adaptors includes arranging a second threading on the golf club head. For example, the Club Champion Adaptors include a threaded club head adaptor affixed to a golf club head as shown in the following photograph:

---

10   Unless otherwise noted, all pictures in this Complaint were taken on January 5, 2019.



39. The use of the Club Champion Adaptors includes freely rotating the compression nut on the golf club shaft relative to the golf club head and the golf club shaft.

40. The use of the Club Champion Adaptors includes drawing the golf club head and the golf club shaft together by freely rotating the compression nut on the golf club shaft relative to the golf club head and the golf club shaft.

41. The use of the Club Champion Adaptors includes securing a head adapter to the golf club head. For example, the Club Champion Adaptors include a threaded head adaptor affixed to a golf club head as shown in the following photograph:



11




42. The use of the Club Champion Adaptors includes securing a shaft adapter to the golf club shaft. For example**,** the Club Champion Adaptors include a shaft adaptor, including a freely rotatable compression nut, affixed to a golf club shaft as shown in the following photograph:

43. The use of the Club Champion Adaptors includes facilitating linearly translation without rotation between the shaft and head adapters along an anti-rotation slide interface between the adapters during said drawing. For example, the Club Champion Adaptors include hexagonal anti-rotation slide interfaces on the shaft and head adapters that are drawn together during use as shown in the following photographs:

44.     The use of the Club Champion Adaptors includes axially spacing the golf club shaft outside of a hosel of the golf club head in a fully assembled state.

45.     By infringing the '899 Patent, Club Champion has caused and will continue to cause Plaintiffs to suffer damages in an amount to be determined at trial, *i.e.* in an amount that cannot be less than would constitute a reasonable royalty for the use of the patented technology, together with pre-judgment and post-judgment interest thereon.

46.     Plaintiffs have no adequate remedy at law against Club Champion's acts of infringement, and unless Club Champion is preliminarily and permanently enjoined from infringing the '899 Patent, Plaintiffs will suffer irreparable harm.

47.     Club Champion's infringement of the '899 Patent following its awareness of the '899 Patent constitutes willful infringement and entitles Plaintiffs to an award of enhanced damages pursuant to 35 U.S.C. § 284 and attorneys' fees pursuant to 35 U.S.C. § 285.

48.     To the extent that Club Champion has continued or continues to infringe the '899 Patent following its awareness of the '899 Patent, Club Champion's infringement is willful and entitles Plaintiffs to an award of enhanced damages pursuant to 35 U.S.C. § 284 and attorneys' fees pursuant to 35 U.S.C. § 285.

49.     Club Champion's making, having made, import, sale, or offer for sale of products or services, including but not limited to the Club Champion Adaptors, which constitute a material part of the invention and are not staple articles or commodities of commerce suitable for substantial non-infringing use, following its awareness of the '899 Patent has constituted willful infringement and entitles Plaintiffs to an award of enhanced damages pursuant to 35 U.S.C. § 284 and attorneys' fees pursuant to 35 U.S.C. § 285.

50.     To the extent that Club Champion has continued or continues to make, have made, import, sell, or offer for sale products or services, including but not limited to the Club Champion Adaptors, which constitute a material part of the invention and are not staple articles or commodities of commerce suitable for substantial non-infringing use, following its awareness of the '899 Patent, Club Champion's infringement is willful and entitles Plaintiffs to an award of enhanced damages pursuant to 35 U.S.C. § 284 and attorneys' fees pursuant to 35 U.S.C. § 285.

**SECOND COUNT FOR RELIEF**
**(INDIRECT INFRINGEMENT OF THE '899 PATENT)**

51.     Plaintiffs repeat, re-allege, and incorporate by reference the preceding paragraphs as if fully set forth herein, including but not limited to paragraphs 23 to 50.

52.     On information and belief, Club Champion has infringed and continues to infringe indirectly by way of inducement and contributory infringement, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271, one or more claims of the '899 Patent by

14

performing, without authority, one or more of the following acts: encouraging and instructing its customers to assemble golf clubs in a manner that infringes the '899 Patent, including by using the Club Champion Adaptors.  Club Champion has knowingly contributed to the infringement of and induced infringement of, and continues to knowingly contribute to the infringement of and induce infringement of, one or more claims of the '899 Patent with specific intent that the Club Champion Adaptors be used by its customers to practice methods that directly infringe the '899 Patent, which Adaptors constitute a material part of the invention and are not staple articles or commodities of commerce suitable for substantial non-infringing use.

53. On information and belief, Club Champion has infringed and continues to infringe indirectly by way of inducement and contributory infringement, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271, one or more claims of the '899 Patent by performing, without authority, one or more of the following acts: making, having made, importing, selling, and offering for sale in the United States one or more products or services, including but not limited to the Club Champion Adaptors, which constitute a material part of the invention and are not staple articles or commodities of commerce suitable for substantial non-infringing use that embody the invention claimed in the '899 Patent, and encouraging and instructing its customers to use the Club Champion Adaptors to assemble golf clubs in a manner that infringes the '899 Patent.  Club Champion has knowingly contributed to the infringement of and induced infringement of, and continues to knowingly contribute to the infringement of and induce infringement of, one or more claims of the '899 Patent with specific intent that the Club Champion Adaptors be used by its customers to directly infringe the '899 Patent, which Adaptors constitute a material part of the invention and are not staple articles or commodities of commerce suitable for substantial non-infringing use.

54. Club Champion instructs and encourages its customers to use the Club Champion Adaptors to assemble golf clubs in a manner that infringes at least Claim 3 of the '899 Patent.

55. For example, Club Champion provides customers with "35,000 custom club options," allowing "[g]olfers [to] mix and match shafts and club heads from all the top brands"[11]

## DEMAND FOR JURY TRIAL

56. In accordance with Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

57. Plaintiffs repeat, re-allege, and incorporate by reference the preceding paragraphs as if fully set forth herein, including but not limited to paragraphs 1 to 56.

WHEREFORE, Plaintiffs pray for judgment on the Complaint as follows:

a. Judgment in favor of Plaintiffs and against Defendant for infringement, either literally and/or under the doctrine of equivalents, of one or more claims of the '899 Patent;

b. Entry of a preliminary and permanent injunction enjoining Defendant and its affiliated entities, officers, agents, servants, employees, and those persons in active concert or participation with them who receive actual notice thereof, from directly or indirectly infringing, inducing the infringement of, or contributing to the infringement of each of the '899 Patent;

c. An award to Plaintiffs of compensatory damages arising out of Defendant's infringement, including damages for any continuing post-verdict infringement up until entry of the final judgment and increased damages for Defendant's willful infringement, together with pre-judgment and post-judgment interest thereon;

---

[11]   *See* https://clubchampiongolf.com/.

    d.    An award to Plaintiffs of costs, interest, and reasonable attorneys' fees incurred herein;

    e.    An accounting for future sales and an award to Plaintiffs of compensatory damages arising out of Defendant's ongoing infringement and increased damages for Defendant's willful ongoing infringement; and

    f.    Such other and further relief as the Court may deem just and appropriate.

Dated:  January 22, 2019                          **DECHERT LLP**

                                                */s/ Noah M. Leibowitz*
Noah M. Leibowitz
Gregory T. Chuebon
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, New York 10036-6797
Telephone: (212) 698-3500
Facsimile: (212) 698-3599
noah.leibowitz@dechert.com
greg.chuebon@dechert.com

*Attorneys for Plaintiffs Club-Conex LLC and True Spec Golf LLC*