
**MEMO ENDORSED**

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Gianni Cutri, P.C.
To Call Writer Directly:
+1 312 862 3372
Gianni.cutri@kirkland.com

300 North LaSalle
Chicago, IL 60654
United States

+1 312 862 2000

www.kirkland.com

Facsimile:
+1 312 862 2200

January 21, 2020

<u>VIA ECF</u>

Hon. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

Re: *True Spec Golf LLC, et al., v. Club Champion LLC*, Case No. 1:19-cv-00633-KPF

Dear Judge Failla:

We represent Defendant Club Champion LLC ("Club Champion") in the above-referenced action. Club Champion filed today via ECF a letter motion with exhibits requesting an informal conference and entry of a Protective Order. As explained herein, Exhibits B-F, H contain Club Champion's confidential information. Pursuant to Your Honor's Individual Rules of Practice Nos. 9(C)-(D) (Revised: November 7, 2019), Club Champion respectfully requests that the Court seal these Exhibits.

In deciding whether to seal, the Second Circuit has articulated a three-step procedure: (1) whether the document is a "judicial document"; (2) "if the documents at issue are 'judicial,' the Court must then determine the weight of the presumption of access by considering the value of the information in the 'exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts'"; and (3) "the Court 'must balance competing considerations' against the presumption of access." *Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 705 (S.D.N.Y. 2017) (citations omitted). Here, these are judicial documents, but the weight of the presumption for most of these documents is not high because they are exhibits and supporting documents, not the memorandum of law itself. *Id.* at 705-706 (the weight for underlying exhibits and declarations is lower than that for a memorandum of law). Moreover, the harm to Club Champion that would result from disclosure of its sensitive, nonpublic technical information outweighs any interest in public access. *Id.* at 706; *see also Avocent Redmond Corp. v. Raritan Ams., Inc.,* No. 10-cv-6100 (KPC), 2012 WL 3114855, at \*16-17 (S.D.N.Y. July 31, 2012) (sealing "engineering schematics," "confidential deliberations about future products," and "confidential business information"); *Playtex Prods., LLC v. Munchkin, Inc*., No. 14-cv-1308

(RJS), 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (sealing information because party would suffer "if this 'highly proprietary material' is revealed to their competitors") (citations omitted).

Pursuant to Your Honor's Individual Rule of Practice 9(D)(i), the exhibits below to Club Champion's letter motion were filed with a single page marked "SEALED" in place of the exhibit.

- Exhibit B are excerpts of the deposition transcript of Club Champion's co-founder, Mr. Nick Sherburne, concerning confidential samples of Club Champion connectors. At the deposition, Club Champion designated Mr. Sherburne's deposition transcript as "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

- Exhibits C and H are pictures of Club Champion's confidential connectors, which Club Champion produced as "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

- Exhibits D-E are documents describing Club Champion's connectors, which Club Champion produced as "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

- Exhibit F is a correspondence from Club Champion's counsel to Plaintiffs' counsel, which includes confidential information (*i.e.*, production timeframes) regarding Club Champion's connectors.

Pursuant to Your Honor's Individual Rule of Practice 9(C)(iii), Club Champion will email to Chambers a clean copy of each document it seeks leave to file fully sealed.

For the foregoing reasons, Club Champion requests that this Court grant its motion to file under seal.

Sincerely,

*/s/ Gianni Cutri*

Gianni Cutri, P.C.

Application GRANTED.

SO ORDERED.

Dated: January 27, 2020
        New York, New York

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE